IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| PATRICIA WASHINGTON, Plaintiff, vs. ISLANDIA CORPORATION and CHARLES DWYER, Defendants | CIVIL NO. 385 / 2017<br>ACTION FOR DAMAGES<br>JURY TRIAL DEMANDED |

2017 AUG 25 PM 2:58
SUPERIOR COURT OF THE VIRGIN ISLANDS

**COMPLAINT**

Plaintiff, PATRICIA WASHINGTON, through undersigned counsel, for her complaint against defendants states that:

1. This is an action against the defendants for their negligence resulting in various damages to Plaintiff.

**JURISDICTION & VENUE**

2. Plaintiff PATRICIA WASHINGTON is a citizen of the U.S. Virgin Islands.

3. Defendant ISLANDIA CORPORATION is a citizen of the British Virgin Islands.

4. Defendant CHARLES DWYER[1], at all relevant times, was the captain of S/V *Islandia*, which is owned by Defendant Islandia Corporation.

5. This Court has subject matter jurisdiction pursuant to 4 V.I.C. § 76(a).

6. Venue is proper in this Court pursuant to 4 V.I.C. § 78(a) because the allision giving rise to this complaint occurred within the U.S. Virgin Islands, Division of St. Thomas and St. John.

[1] At the time of the allision that gave rise to this lawsuit, Defendant Dwyer was identified as "Charlie Dwyer." Plaintiff has presumed, for purpose of this complaint and subject to correction, that Dwyer's legal first name is "Charles."

EXHIBIT 4

## FACTS COMMON TO ALL COUNTS

7. Plaintiff Patricia Washington is the owner of S/V *Tantara*, a 37' fiberglass sailing vessel of 10 gross registered tons, bearing Official Number 617227.

8. Defendant Islandia Corporation is the owner of S/V *Islandia*, a 136' steel sailing vessel of 166 gross registered tons, bearing Official Number 735747.

9. Defendant Charles Dwyer was the captain of S/V *Islandia* at the time of the allision in question.

10. In the early morning hours of February 21, 2017, S/V *Tantara* was safely and securely moored on her permanent mooring in Druif Bay, Water Island, U.S. Virgin Islands.

11. In the early morning hours of February 21, 2017, S/V *Islandia* was anchored in Druif Bay, Water Island, U.S. Virgin Islands.

12. At approximately 3:30 a.m. on February 21, 2017, S/V *Islandia* broke loose from her anchor.

13. Captain Dwyer was absent from S/V *Islandia* at the time she broke loose from her anchor.

14. The crew members aboard S/V *Islandia* were slow to discover that she had broken loose.

15. The crew members could not start S/V *Islandia's* engine.

16. The crew members did not know how to regain control of S/V *Islandia* when she broke loose.

17. S/V *Islandia* dragged anchor and her crew members were incapable of stopping her.

18. S/V *Islandia* allided with *S/V Tantara*, which was still riding on her permanent mooring.

19. The allision damaged *S/V Tantara*.

## COUNT I – Negligence of Captain Charles Dwyer

20. Captain Dwyer had a duty of reasonable care to others.

21. Captain Dwyer breached that duty by, *inter alia*, negligently

- failing to properly anchor S/V *Islandia*;

- failing to select a safe site for anchoring;
- failing to employ adequate ground tackle;
- failing to deploy sufficient scope of anchor rode;
- failing to maintain a watch;
- failing to maintain a lookout;
- failing to monitor the position of S/V *Islandia;*
- failing to monitor the movement of S/V *Islandia*;
- failing to properly instruct his crew as to how to anchor;
- failing to instruct his crew as to how to respond when dragging anchor;
- failing to ensure that S/V *Islandia*'s engine would operate in an emergency situation;
- failing to warn nearby vessels of the danger created by S/V *Islandia*;
- being absent from his improperly anchored vessel;
- being absent from his inadequately crewed vessel.

22. Captain Dwyer's breach of his duty caused the allision.

23. The allision damaged *S/V Tantara*.

24. Captain Dwyer is liable to Patricia Washington for that damage.

**COUNT II – Vicarious Liability of Islandia Corporation**

25. Captain Dwyer was an employee of Islandia Corporation during the time relevant to this lawsuit.

26. Captain Dwyer was an agent of Islandia Corporation with respect to S/V *Islandia* during the time relevant to this lawsuit.

27. Captain Dwyer was the corporate representative of Islandia Corporation with respect to S/V *Islandia* during the time relevant to this lawsuit.

28. The safe and competent anchoring of S/V *Islandia* at the time of the allision was within Captain Dwyer's scope of authority and course of duty to Islandia Corporation.

29. Dwyer's duty of reasonable care to others is attributable to Islandia Corporation.

30. Dwyer's breach of that duty of reasonable care to others is attributable to Islandia Corporation.

31. Dwyer's breach of that duty caused the allision with *S/V Tantara* and that causation is attributable to Islandia Corporation.

32. The allision damaged *S/V Tantara* and that damage is attributable to Islandia Corporation.

33. Islandia Corporation is liable for negligent actions or omissions of Captain Dwyer under the doctrines of vicarious liability and *respondeat superior*.

**Count III – Negligence of Islandia Corporation**

34. Islandia Corporation had a duty of reasonable care to others.

35. Islandia Corporation breached that duty by, *inter alia,* negligently

- failing to adequate man S/V *Islandia;*
- failing to adequately maintain S/V *Islandia*'s engines;
- failing to adequately monitor and supervise S/V *Islandia*'s captain and crew;

36. Islandia Corporation's breach of its duty caused the allision.

37. The allision damaged S/V *Tantara.*

38. Islandia Corporation is liable to Patricia Washington for those damages.

**Damages**

39. As a result of the allision, Plaintiff Patricia Washington suffered damages including, but not limited to, damages to the hull, machinery, and equipment of S/V *Tantara*; loss of use of S/V *Tantara* as a residence; cost of alternative housing due to loss of S/V *Tantara* as a residence; loss of income by use of

S/V *Tantara* as a charter boat; loss of income by use of S/V *Tantara* as vacation rental to third parties; loss of personal property resulting from damage from the allision; aggravation of pre-existing physical illness due to stress from the allision and its aftermath.

WHEREFORE, Plaintiff Patricia Washington prays that the Court:

(a) award her damages in amounts to be proven at trial;

(b) award her reimbursement of her reasonable attorney fees, costs, and expenses to the extent permitted by law;

(c) award such other and further relief as the Court deems just and proper.

**Plaintiff demands a jury trial.**

August 25, 2017

By:

Michael Fitzsimmons, Esq., VIBA 792
Duensing & Casner
9800 Buccaneer Mall, Bldg. 2, Suite 9
St. Thomas, U.S. Virgin Islands 00802
Tel: (340) 774-6011
Fax: (340) 776-8520
mfitzsimmons@vilawyers.com